Josephine Harrington et al., Respondents, *v.* William S. Kaufman et al., Appellants.

First Department, February 25, 1958.

*I. Sidney Worthman* of counsel (*William J. Tropp*, attorney), for appellants.

*Harry K. Ebenstein* for respondents.

*Per Curiam.* This appeal is from an order of Special Term which granted plaintiffs' motion to vacate an order of preclusion for failure to serve a bill of particulars and denied a cross motion made by defendants to dismiss the action for lack of prosecution.

We are of the opinion that plaintiffs' motion should have been denied and defendants' motion granted. The chronology in this case shows a chain of repeated defaults and delays on the part of plaintiffs. The accident occurred on August 28, 1952 and the action was commenced by service of a summons in September, 1952. Not until two years later was the complaint served and then only because defendants had made a motion to dismiss for failure to serve the complaint. That motion was made in October, 1954. The complaint was served in November, 1954 and issue was joined in December.

Thereafter plaintiffs failed to comply with a demand for a bill of particulars, necessitating a motion by defendants for an order of preclusion which was granted on default in June, 1955. Following communications between the attorneys, defendants agreed to waive the default and accept a bill of particulars provided it was served no later than August 15, 1955. Plaintiffs failed to serve the bill in accordance with that offer but after a further delay of eight months asked defendants, in May, 1956, for permission to serve the bill of particu-

lars. Defendants, as was their right, refused. Nevertheless, despite such refusal a bill of particulars was sent to defendants on June 12, 1956, but it was returned by defendants 26 days later.

Plaintiffs claim a waiver on the part of the defendants because of the retention of the bill of particulars for 26 days. However, a waiver implies an intent to waive. That there was no such intent is clearly indicated by defendants' prior written advice that the bill of particulars would not be accepted. Regardless of the merit of such claim it should not be heard for it was not until after the lapse of another year that plaintiffs in June, 1957 made the instant motion to vacate the order of preclusion and to direct defendants to accept the bill of particulars.

Plaintiffs give no justifiable excuse for the delays and the defaults. The only one offered was that for some period of time the plaintiff, Josephine Harrington, went to Syracuse and the plaintiff, Jeremiah Harrington, went to Ireland. There is nothing in the papers to indicate when they left, when they returned or how long they were away. But assuming they were away for an extended period there still would have been no justification for plaintiffs' neglect and delay, even before the days of speedy communication, and certainly none now, for there was more than ample time for plaintiffs to have complied with the rules of the court in connection with the service of papers. Plaintiffs' failure to prosecute this action with a reasonable degree of diligence is inexcusable.

Accordingly, as a matter of discretion the order insofar as it grants plaintiffs' motion to vacate the order of preclusion should be reversed and the motion denied; and insofar as it denies defendants' cross motion to dismiss for lack of prosecution the order should be reversed, on the law and the facts and in the exercise of discretion and the motion granted, with $20 costs and disbursements to appellants.

Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ., concur.

Order, insofar as it grants plaintiffs' motion to vacate the order of preclusion, is unanimously reversed and the motion denied; and insofar as it denies defendants' cross motion to dismiss for lack of prosecution is unanimously reversed, on the law and on the facts, and in the exercise of discretion, and the motion granted, with $20 costs and disbursements to appellants. Settle order.